UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ANDREW FLOOD, | ) | |
| Plaintiff | ) | |
| v. | ) | 1:24-cv-00239-SDN |
| | ) | |
| CHARLES BALL, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION TO DISMISS
BASED ON PLAINTIFF'S FAILURE TO PROSECUTE**

On July 1, 2024, Plaintiff filed a complaint and on August 19, 2024, a Motion to Proceed Without Prepayment of Fees and Costs. (Complaint, ECF No. 1; Motion, ECF No. 8.) The Court granted the motion on September 4, 2024. (Order, ECF No. 10.) In its order, the Court ordered Plaintiff to notify the Court by September 25, 2024, of his intent to proceed with this action and to acknowledge in his notice that he understands his obligation to pay the complete filing fee as the requisite funds become available to him. Through the order, the Court informed Plaintiff that a failure to comply with the order could result in the dismissal of the complaint.

When Plaintiff failed to file a notice of intent as directed, on October 4, 2024, the Court issued an Order to Show Cause. (Order, ECF No. 11.) In the Show Cause Order, the Court established October 18, 2024, as the date by which Plaintiff was to show cause in writing as to why he failed to comply with the Court's order requiring that he notify the Court of his intent to proceed with this action. The Court advised Plaintiff that if he failed to show cause, his complaint could be dismissed.

Because Plaintiff has not responded to the Order to Show Cause and has not notified the Court of his intent to proceed, I recommend the Court dismiss the matter.

## DISCUSSION

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." *Cintron-Lorenzo v. Dep't de Asumtos del Consumidor*, 312 F.3d 522, 526 (1st Cir. 2002) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 – 31 (1962)). Federal Rule of Civil Procedure 41(b) authorizes the Court to dismiss an action for a party's failure to prosecute and failure to comply with the Court's orders. Here, Plaintiff has (a) failed to comply with the Court's September 4, 2024, Order that required Plaintiff to notify the Court of Plaintiff's intent to proceed, and (b) failed to show cause in accordance with the Court's Order to Show Cause. Plaintiff has not only failed to comply with two of the Court's orders, but insofar as he has not notified the Court of his intent to proceed, Plaintiff has also failed to prosecute his claim. Dismissal, therefore, is warranted.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court dismiss Plaintiff's complaint without prejudice.[1]

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district

---

[1] If Plaintiff notifies the Court of his intent to proceed within the fourteen-day period for objections to this Recommended Decision, I will withdraw the Recommended Decision.

court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

      Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

      /s/ John C. Nivison
      U.S. Magistrate Judge

Dated this 29th day of October, 2024.