UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ANDREW FLOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:24-cv-00239-SDN |
| | ) | |
| CHARLES BALL, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff, who is in custody at the Maine State Prison, filed a complaint against a police officer, one police chief, and two police departments. (Complaint, ECF No. 1; Amendment to Complaint, ECF No. 9.)  In addition to his complaint, Plaintiff filed an application to proceed without prepayment of fees (ECF No. 8), which application the Court granted.  (Order, ECF No. 10.)  In accordance with the statute that governs actions where a plaintiff proceeds without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate.  28 U.S.C. § 1915(e)(2).  Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

After a review of Plaintiff's complaint, I recommend the Court dismiss one of the police departments whom Plaintiff has joined as a defendant but permit Plaintiff to proceed on an excessive force claim.

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action. When a party is proceeding pursuant to § 1915, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented

plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).  "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

Viewed most favorably to Plaintiff, Plaintiff's filings can be construed to allege that in March 2019, Defendant Ball used excessive force during Plaintiff's arrest.  Plaintiff alleges that Defendant Ball employed handcuffs in a way that injured Plaintiff, unnecessarily tased him, and "hogtied" him for nine hours.[1]  Plaintiff's complaint can also be construed to allege that Defendant Ball's alleged unlawful conduct was in accordance with Calais Police Department policy.

Excessive force claims are evaluated under the Fourth Amendment's "objective reasonableness" standard.  *Graham v. Connor*, 490 U.S. 386, 388 (1989).  In the context of force applied to make an arrest, the relevant factors for consideration include "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade

---

[1] Although Plaintiff does not specifically identify Defendant Ball as being the involved officer when Plaintiff describes each instance of alleged force, for purposes of this preliminary review, I can reasonably infer from the allegations and references to Defendant Ball that Plaintiff is alleging that Defendant Ball employed the excessive force identified in the complaint.

arrest by flight." *Id.* (the so-called *Graham* factors). "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Graham*, 490 U.S. at 396. The test is an objective one: courts ask "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397.

When applying the *Graham* factors, courts have recognized that it is usually objectively unreasonable to use significant force on a compliant person or a person who has clearly ceased actively resisting arrest. S*ee, e.g.*, *Parker v. Gerrish*, 547 F.3d 1, 9 (1st Cir. 2008); *Jennings v. Jones*, 499 F.3d 2, 18 (1st Cir. 2007). Assuming the truth of Plaintiff's allegations and drawing all reasonable inferences in his favor for purposes of this review, Plaintiff has alleged an actionable excessive force claim against Defendant Ball and the Calais Police Department/Chief of Police.[2]

The only mention in Plaintiff's filings to the Baileyville Police Department that I detect is a reference to Defendant Ball possibly wearing a body camera of the department at some point, which reference is found in the caption of the complaint and in the amendment. Plaintiff's reference lacks any facts that would support a claim against the Baileyville Police Department.

---

[2] I construe Plaintiff's complaint to join the Chief of Police in an official capacity and, therefore, the claim against the Calais Police Department and the official capacity claim against the Chief of Police are essentially a claim against the City of Calais. *See Traudt v. Lebanon Police Department*, 749 F. Supp. 3d. 251, 257 (D.N.H. 2024).

**CONCLUSION**

Based on the foregoing analysis, after a review of Plaintiff's complaint pursuant to

28 U.S.C. §§ 1915 and 1915A, I recommend the Court permit Plaintiff to proceed on his

excessive force claim[3] except to the extent he seeks to assert a claim against the Baileyville

Police Department.

**<u>NOTICE</u>**

A party may file objections to those specified portions of a magistrate
judge's report or proposed findings or recommended decisions entered
pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district
court is sought, together with a supporting memorandum, within fourteen
(14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right
to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of March, 2025.

---

[3] In his filings, Plaintiff references the Americans with Disabilities Act (ADA). To the extent Plaintiff attempts to allege an ADA claim, Plaintiff has not alleged facts that would support such a claim. *See Nunes v. Mass. Dep't of Corr.*, 766 F.3d 136, 144 (1st Cir. 2014.) (To prove a disability claim, a plaintiff must show that he or she (1) is a qualified individual with a disability, (2) who was either excluded from participation in or denied the benefits of the defendant's services, programs, or activities or was otherwise discriminated against, (3) and that such exclusion, denial of benefits or discrimination was by reason of his disability.).