UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| ANDREW FLOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:24-cv-00239-SDN |
| ) | |
| CHARLES BALL, et al., ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Before the Court are two motions. First, on July 7, 2025, Defendants City of Calais Police Department ("Calais Police Department") and the Chief of Police of the City of Calais Police Department ("Chief of Police") filed a motion to dismiss Plaintiff Andrew Flood's claims against them. ECF No. 34. Second, on July 28, 2025, Mr. Flood filed his third motion to amend the complaint in this matter, ECF No. 40, which Defendants oppose, ECF No. 42. In that motion, Mr. Flood also requests appointed counsel to assist him in litigating this case. ECF No. 40 at 1–2.

### I.  Background

Mr. Flood brought this civil action against the Defendants[1] on July 1, 2024, alleging the Defendants, specifically Officer Charles Ball, engaged in excessive force against him in violation of his constitutional rights. ECF No. 1. On July 29, 2024, Mr. Flood amended his complaint for the first time to provide more facts to support his complaint. ECF No. 5. He alleged two specific incidents during which his rights were violated. First, Mr. Flood

---

[1] The named Defendants are Calais Police Officer Charles Ball, the City of Calais Police Department, the Chief of Police of the City of Calais Police Department, and the Baileyville Police Department. *See* ECF No.1. The Magistrate Judge recommended, and I summarily granted, dismissal of the Baileyville Police Department as a defendant. ECF Nos. 24, 25.

1

contends that on May 17, 2024, officers arrested him outside his home and placed him in handcuffs that were too tight and which caused nerve damage to his arm. *Id.* at 6–8. Second, he says that on March 22, 2019, he was Tazed, handcuffed to a gurney, and improperly searched by Officer Ball at the local hospital. *Id.* at 11–12. The Magistrate Judge allowed the first amendment to the complaint. ECF No. 6.[2]

On August 19, 2024, Mr. Flood filed his second amendment to the complaint. ECF No. 9. In this second amended complaint, he went into more detail about both incidents and explained that he has PTSD which can be triggered by interactions with law enforcement. *Id.* at 2. He alleges that law enforcement officers undergo training on how to interact with people with disabilities such as PTSD, and that police "know[] how to then intentionally use this knowledge to harm people and or set people up for a stress response" in violation of the Americans with Disabilities Act ("ADA"). *Id.* at 4. He also asserts that when he was at the hospital, he was in pain from the tight handcuffing, had a seizure, called out for help, and was denied medical treatment. *Id.* at 6–7.

Pursuant to 28 U.S.C. § 1915(e)(2), the Magistrate Judge conducted a preliminary review of the second amended complaint to determine whether Mr. Flood had stated a claim for relief. ECF No. 24. The Magistrate Judge recommended denying Mr. Flood's claim for relief under the ADA. *Id.* at 5 n.3. But he recommended the Court permit Mr. Flood to proceed on the excessive force claim. *Id.* Because there were no objections to the recommended decision, I summarily affirmed dismissing the ADA claim and the claim against the Baileyville Police Department and allowed Mr. Flood to proceed on his

---

[2] This case was referred to Magistrate Judge Nivision for preliminary review pursuant to 28 U.S.C. § 1915(e)(2). He granted the motion to amend the complaint on July 20, 2024, before issuing the order addressing his preliminary review. ECF No. 6.

excessive force claims. ECF No. 25. The Defendants filed their answer to the second amended complaint on July 7, 2025. ECF No. 33.

That same day, the Defendants filed their motion to dismiss Mr. Flood's claims against Defendants Calais Police Department and the Chief of Police. ECF No. 34. They contend that Mr. Ball's claims should be construed as against the City of Calais as a municipality and that both the Calais Police Department and the Chief of Police are therefore entitled to dismissal. *Id.* at 1. Mr. Flood filed a response in opposition to Defendants' partial motion to dismiss. ECF No. 38.

On July 28, 2025, Mr. Flood filed his third amended complaint ("TAC"). ECF No. 40. The TAC alleges that the Defendants engaged in "deliberate indifference" to his serious medical needs, failed to reasonably accommodate his disability, and "acted in a discriminatory manner that exacerbated his PTSD and caused further psychological harm" in violation of the ADA. *Id.* at 4. It also lists claims of excessive force, unlawful search and seizure, and retaliation for protected conduct. *Id.* The Defendants filed a response in opposition to Mr. Flood's motion to amend the complaint, arguing, inter alia, that Mr. Flood waived his right to assert the ADA claim because he did not object to the Magistrate's report and recommendation ("R&R") dismissing the claim. ECF No. 42 at 4. They also argue that the TAC does not provide an "adequate statement of the allegations he intends to make." *Id.* at 3.

## II. Discussion

Because Mr. Flood is pro se, I construe his pleadings liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). Since both the motion to amend and the motion to dismiss are pending, the "court 'has a variety of ways in which it may deal with the pending motion to dismiss, from denying the motion as moot to considering the merits of the motion in light

3

of the amended complaint.'" *Fortuna v. Winslow Sch. Comm.*, No. 1:21-CV-00248, 2022 WL 844046, at *3 (D. Me. Mar. 22, 2022) (quotation modified). I will first address the motion to amend before turning to Defendants' motion to dismiss.

### A. Motion to Amend

Defendants argue that Mr. Flood's TAC should be denied because it does not provide an adequate statement of the arguments he intends to make to support his allegations. ECF No. 42 at 3–4. In effect, they argue that any amendment would be futile.

Federal Rule of Civil Procedure 15 provides that a party may amend its pleading once as a matter of course, but any subsequent amendments require "the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1)–(2). Although leave to amend must be "freely given when justice so requires," *id.* at 15(a)(2), "[t]his does not mean, however, that a trial court must mindlessly grant every request for leave to amend," *Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 58 (1st Cir. 2006). When an amendment may be futile, the Court need not grant leave to amend. *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004).

A proposed amended complaint is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted." *Amyndas Pharms., S.A. v. Zealand Pharma A/S*, 48 F.4th 18, 40 (1st Cir. 2022) (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). Therefore, the test for futility can be construed the same as the test for a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Id.* An amended complaint that makes sufficient factual allegations, taken as true, to "state a claim for relief that is plausible on its face" is not futile. *See id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). I view the facts in the light most favorable to the plaintiff. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 14 (1st Cir. 2011).

However, I also note that pleading standards are relaxed for pro se filers. *See Doyle v. Town of Falmouth*, No. 2:19-CV-00229, 2019 WL 5431315, at *2 (D. Me. Oct. 23, 2019) ("A document filed pro se is to be liberally construed, . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

In general, Mr. Flood's second amended complaint provides copious detail about his two encounters with police and how they interacted with his PTSD diagnosis. *See generally* ECF No. 9. This is the operative complaint that the Magistrate Judge determined did not state a claim under the ADA and, as such, recommended dismissal of the ADA claim. ECF No. 25 at 5 n.3. The TAC, however, is significantly less detailed regarding Mr. Flood's allegations, and states only that the police used his PTSD diagnosis to cause him harm by agitating him or showed "deliberate indifference" to mitigating the suffering he was undergoing as a result of the PTSD. ECF No. 40-1 at 2. The TAC also fails to address the details of how the police used excessive force against him, through handcuffing or otherwise, and does not provide the dates for the two underlying incidents. The TAC essentially alleges no facts at all.

Although Mr. Flood appears to believe that the Court can consider the facts he provided in his first two amended complaints in addition to the TAC, he is urging the Court to consider the TAC as the operative pleading, rather than as a supplemental one. ECF No. 40 at 2. "Amended and supplemental pleadings differ in two respects. The former relate to matters that occurred prior to the filing of the original pleading and entirely replace the earlier pleading; the latter deal with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings." 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1504, 254–55 (3d ed. 2010). Mr.

5

Flood describes the TAC as providing additional context to the claims, ECF No. 40 at 1, but he does not provide any new information that occurred after the filing of the original complaint or that would supplement the second amended complaint. I therefore construe Mr. Flood's motion as a request for the TAC to become the new operative complaint, rather than as a supplemental one.

Standing alone as an operative complaint, the TAC provides insufficient allegations to support Mr. Flood's claims because it is essentially devoid of factual allegations. Despite the relaxed pleading standards for pro se filers, the Court struggles to find that the TAC "sets forth a general scenario which, if proven, would entitle the plaintiff to relief against the defendant on some cognizable theory." *Hatch v. Dep't for Child., Youth & Their Families*, 274 F.3d 12, 19 (1st Cir. 2001). Generally, "[i]f a pro se plaintiff provides sufficient facts, a court can 'intuit the correct cause of action.'" *Doyle*, 2019 WL 5431315, at *2 (quoting *Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997)). But if "the factual allegations in the complaint are too meager, vague, or conclusory" to support a claim for relief, then the Court may dismiss the motion to amend. *S.E.C. v. Tambone*, 597 F.3d 436, 442 (1st Cir. 2010).

Therefore, the Court DENIES Mr. Flood's motion to amend the complaint for the third time because the amendment would be futile. ECF No. 40. His remaining excessive force claims are better served by the details alleged in the second amended complaint than by the TAC.[3]

---

[3] Defendants raise an alternative argument that Mr. Flood's TAC should be denied because he waived his right to assert the ADA claim when he did not object to the Magistrate Judge's Report & Recommendation, resulting in the dismissal of that claim. *See* ECF No. 42 at 4. Because I am denying the motion to amend on futility grounds, I will not address the argument.

## B. Defendants' Motion to Dismiss

Because I am denying Mr. Flood's motion to amend the complaint for the third time, the second amended complaint remains the operative complaint upon which I will consider the merits of Defendants' motion to dismiss.

### 1. Defendant Calais Police Department

Defendants argue that the claims against the Calais Police Department should be dismissed because municipal police departments are "not subject to suit under Section 1983." ECF No. 34 at 3. Mr. Flood does not disagree. ECF No. 38 at 2 ("Plaintiff does not object to the Court construing the claim against the Calais Police Department as one against the City of Calais.").

For the purposes of Section 1983 actions, a municipal police department is not a distinct legal entity from the city in which it is a department. *See Woods v. Auburn Police Dep't*, No. 2:21-CV-00364, 2022 WL 3912548, at *2 (D. Me. Aug. 31, 2022), *report and recommendation adopted*, No. 2:21-CV-00364, 2022 WL 4759266 (D. Me. Oct. 3, 2022) ("As a department of the City of Auburn, the police department does not have a legal identity separate from the city."); *Brown v. Chelsea Police Dep't*, No. CV 16-11422, 2016 WL 4582078, at *2 (D. Mass. July 19, 2016) ("Brown's claims against the [Chelsea Police Department] are not cognizable because the CPD is not a suable entity."). In his March 25, 2025, R&R, the Magistrate Judge "construe[d] Plaintiff's complaint to join the Chief of Police in an official capacity and, therefore, the claim against the Calais Police Department and the official capacity claim against the Chief of Police are essentially a claim against the City of Calais." ECF No. 24 at 4 n.2. I summarily affirmed the R&R. ECF No. 25.

Because the police department is not a suable entity, Mr. Flood's claims against the Calais Police Department must be dismissed, and his claims will be construed as against the City of Calais. *See also Bradley v. York Cnty. Sheriff*, No. 2:22-CV-00178, 2023 WL 4364167, at *1 (D. Me. July 6, 2023), *report and recommendation adopted*, No. 2:22-CV-00178, 2023 WL 5038700 (D. Me. Aug. 8, 2023) (construing claims against the police department as being against the City of Portland although the city was not listed as a named defendant); *Dutil v. Murphy*, 550 F.3d 154, 158 (1st Cir. 2008) ("We hold pro se pleadings to less demanding standards than those drafted by lawyers and endeavor, within reasonable limits, to guard against the loss of pro se claims due to technical defects.").

### 2. Chief of Police

The Defendants argue that the Court should dismiss the claims against the Chief of Police because claims against him in his official capacity are effectively redundant to any claims against the City of Calais. ECF No. 34 at 3.

"A suit against a public official in his official capacity is a suit against the governmental entity itself." *Surprenant v. Rivas*, 424 F.3d 5, 19 (1st Cir. 2005). In cases where a plaintiff is suing both the governmental entity and the public official, courts have granted motions to dismiss the government official. *See, e.g., Trafford v. City of Westbrook*, 256 F.R.D. 31, 33 (D. Me. 2009) (dismissing as redundant the official-capacity claims against the mayor and the chief firefighter). Although Mr. Flood argues that it is necessary for the Chief to be a party in order to challenge the alleged municipal policy of excessive force, ECF No. 38 at 3, the Supreme Court has said "[t]here is no longer a need to bring official-capacity actions against local government officials, for under *Monell*, local government units can be sued directly for damages and injunctive or

8

declaratory relief," *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985) (citing *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)).

Moreover, "[i]n § 1983 cases, supervisors are not automatically liable for the misconduct of those under their command. A plaintiff must show an affirmative link between the subordinate officer and the supervisor, whether through direct participation or through conduct that amounts to condonation or tacit authorization." *Vélez-Rivera v. Agosto-Alicea*, 437 F.3d 145, 156 (1st Cir. 2006). Mr. Flood has not alleged that the Chief of Police has any connection to this case beyond setting department policy. Mr. Flood's claims against the Chief of Police therefore are dismissed.

### C. Request for Appointed Counsel

In his TAC, Mr. Flood requests this Court appoint him counsel in this matter. ECF No. 40 at 1–2. First, I note that "there is no constitutional right to appointment of counsel in a civil case." *Bemis v. Kelley*, 857 F.2d 14, 15 (1st Cir. 1988) (quotation modified). In order to qualify for appointed counsel in a civil matter, "[a]n indigent litigant[4] must demonstrate exceptional circumstances in [their] case to justify the appointment." *Id*. Some factors to consider include "the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." *DesRosiers v. Moran*, 949 F.2d 15, 24 (1st Cir. 1991).

Mr. Flood argues that his disabilities "impair [his] ability to fully and effectively litigate the complex legal and procedural issues involved in this matter." ECF No. 40 at 2. However, Mr. Flood has not demonstrated an impaired ability to participate in his case. He has "drafted intelligible pleadings," "provided citations to support his legal theories,"

---

[4] Pursuant to 28 U.S.C. § 1915(b), Mr. Flood is deemed to be indigent. ECF No. 10.

9

and "displayed relative familiarity with the legal process." *DesRosiers*, 949 F.2d at 24. He has filed three amended complaints in this matter, and ably responded to Defendants' motions. Moreover, the excessive-use-of-force claims at issue in this case are not particularly complex, and Mr. Flood has not demonstrated other exceptional circumstances that would weigh in favor of appointed counsel. I therefore DENY Mr. Flood's request for appointed counsel. ECF No. 40.

In conclusion, the Court **DENIES** Mr. Flood's motion for leave to file a third amended complaint. ECF No. 40. Defendants' motion to dismiss the claims against Defendants City of Calais Police Department and the Chief of Police is **GRANTED**. ECF No. 34.

**SO ORDERED.**

Dated this 24th day of September, 2025.

/s/ Stacey D. Neumann
**UNITED STATES DISTRICT JUDGE**